## BARNIE STANTON v. THE STATE.

### No. 2456. Decided May 20, 1903.

**Burning Personal Property of Another—Construction of Statute.**

A prosecution under article 791, Penal Code, for willfully destroying, by burning, the personal property of another, is not warranted if the injury averred is denounced by any other provision of the Code. Article 777 denounces a punishment for the burning of the personal property of another, hence a prosecution and conviction for that offense under article 791 is not authorized.

Appeal from the County Court of Comanche. Tried below before Hon. W. C. Jackson, County Judge.

Appeal from a conviction of willfully burning song books of the value of $2.50, the property of a church; penalty, a fine of $50.

Defendant made a motion to quash the complaint and information, which was overruled.

The case is sufficiently stated in the opinion.

*G. E. Smith,* for appellant.—The court erred in overruling defendant's motion to quash the information, for that the information charged the defendant with malicious mischief under article 791 of the Penal Code; said offense of which defendant was charged coming under article 777 of the Penal Code.

It is not permissible for the State to prosecute for the destruction of personal property under article 791, except when the injury does not come within the description of any of the other offenses against property otherwise provided for. The burning of personal property is an offense under article 777. The defendant was charged with and put to trial for malicious mischief under article 791.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING. JUDGE.—Appellant was charged under article 791, Penal Code, with willfully and mischievously destroying personal property, to wit, certain song books of the value of $2.50, by then and there burning said books; the said books then and there being the property of and belonging to Board church. On conviction his punishment was assessed at a finè of $50. The court authorized a conviction under article 777, Penal Code, which provides, "If any person shall willfully burn any personal property belonging to another, the punishment for which is not otherwise provided for in this chapter, he shall be fined not exceeding two thousand dollars." Article 791 provides: "If any person shall willfully and mischievously injure or destroy any growing fruit, corn, grain or other like agricultural products, or if any person shall willfully or mischievously injure or destroy any real or personal property of any description whatever, in such manner as that the injury does not come within the description of any of the offenses against property otherwise provided for by this code, he shall be punished by fine not exceeding one thousand dollars; provided, that when the value of the property injured is fifty dollars or less, then, in that event, he shall be punished by fine not exceeding two hundred dollars." An inspection of the complaint shows that it was framed under this article. If framed under article 777, the value of the property was unnecessary. Under article 791 the question of value became material as a matter of averment. If the destroyed property was over $50 in value, the punishment was enhanced beyond that where the property was under the value of $50. Where above $50, the fine is not to exceed $1000; if under $50, not to exceed $200. The court charged the punishment under article 777, which is not to exceed $2000. A prosecution is not warranted under article 791 if the injury averred is denounced by any other provision of the code. Article 777 denounces a punishment for the burning of personal property of another; therefore the prosecution was not authorized under article 791. Bills of exception were reserved to the action of the court admitting as evidence acts and declarations of the two accomplices testifying in the case, made in the absence of defend-

ant. Should another trial occur this should be excluded. We deem it unnecessary to enter into a discussion of these matters. The judgment is reversed and the cause remanded.

*Reversed and remanded.*